JAMES SYNEAR v. JOSEPH WHARTON.

1. When the plaintiff in an action before a District Court, involving more than $200, applies for a *certiorari* to review a judgment of nonsuit rendered therein, it is not necessary for him to tender a bond.

2. A plaintiff, employed to work in defendant's glass-factory, from September to July, testified that he went to work in September and worked until December 22d, and was then discharged and ordered not to come around the factory; that the gates were all locked up the next day, and another man was put in his place, so that he could not get in. He was not cross-examined. *Held*, that the evidence should have been submitted to the jury on the questions whether the plaintiff was discharged by competent authority, and whether he was willing to continue in defendant's employ, and that a nonsuit for want of evidence on these points was erroneous.

On *certiorari* to the District Court of the city of Camden.

Argued at November Term, 1885, before Justices VAN SYCKEL and DIXON.

For the plaintiff, *J. W. Westcott* and *T. B. Harned.*

For the defendant, *P. L. Voorhees* and *D. J. Pancoast.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up a judgment of nonsuit rendered by the Camden District Court in a suit wherein the plaintiff claimed $300 damages for the defendant's breach of a contract to employ the plaintiff.

The defendant moves to dismiss the writ for want of a bond, in pursuance of section 88 of the District Court act of March 9th, 1877, (*Rev., p.* 1315,) and because the return is made by the clerk of the District Court instead of the court itself.

The act of 1877 is not applicable to the point. It did not confer the jurisdiction which was exercised by the District Court in this cause. That jurisdiction was granted by the District Court act of March 27th, 1882, (*Pamph. L., p.* 195,) the thirteenth section of which specifies the terms whereon *certiorari* is to be allowed in cases involving more $200. These terms, we think, indicate that when the plaintiff below is the plaintiff in *certiorari,* no bond is required. Whether the spirit of the section would exact a bond from a nominal plaintiff against whom the nominal defendant had recovered an affirmative judgment on set-off, we do not decide.

The objection made to the form of attesting the return was waived by the defendant's stipulation that the return should be filed without objection.

The question on the merits is whether the judgment of non-suit was proper. The defendant endeavors to maintain it on three grounds : first, that the testimony did not agree with the declaration as to the terms of the bargain; second, that there was no evidence of a discharge by the defendant; and third, that there was no evidence of plaintiff's willingness to continue in the employment.

As to the first, the contract declared on was that about September 1st, 1882, defendant hired plaintiff to take out hollow ware from defendant's ovens in his glass manufacturing houses, in Camden, for the period of one fire, to wit, from the time of hiring to July 2d following, for $10.50 per week. The proof was that in August, 1882, defendant's agent engaged plaintiff to work at defendant's glass-house in Camden, in taking out ware for the next season, which ran until July 1st following, for $10.50 a week. These *allegata* and *probata* substantially agree.

As to the second and third grounds, the evidence was that plaintiff went to work under the contract, and continued to

work until the Wednesday before Christmas of 1882, and did not go on working after that because (in the words of his testimony) " I was discharged and ordered not to come around the factory ; the gates were all locked up the next day, and another man was put in my place, so that I couldn't get in ; * * * Wednesday afternoon my money was given me." The plaintiff was not cross-examined.

This evidence should, we think, have been submitted to the jury on the questions now raised. The facts, that plaintiff was ordered not to come around the factory and the gates were locked against him, and that another man was put in his place, warranted an inference, in the absence of any attempt at explanation or denial, that he was discharged by some one whom defendant had placed in control of his factory and workmen, some one who had authority to discharge the plaintiff. The facts that plaintiff worked until he was discharged, and quit work because he was discharged, and could not get in to work the next day because the gates were locked up and another man was put in his place, indicated that his willingness to work continued up to and after the time of his dismissal. How long after that time it continued was not important on the motion to nonsuit.

The judgment of nonsuit must be reversed.

It appears to be equitable and just that there should be a rehearing of the case before the District Court, and therefore the cause is remanded to that court for a new trial on five days' notice to the defendant.